UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT J. DIXON,

                Plaintiff,

        -against-

WALDY MALOUF,

                Defendant.
------------------------------------------------------------X

**OPINION & ORDER**
**09 CV 00792 (SJF)(ARL)**

FEUERSTEIN, J.

I.    Introduction

Plaintiff Robert J. Dixon ("Plaintiff") commenced this action against defendant Waldy Malouf ("Defendant") in the Supreme Court of the State of New York, County of Nassau, bearing index no. 1385-09 (the "State Court action") on or about January 26, 2009, alleging the following causes of action arising out of an operating agreement (the "Operating Agreement") between the parties: (1) "impress a constructive trust on the trademark on behalf of the Company;" (2) "mandatory injunction compelling [Defendant] to execute an assignment of the trademark to WMRD Pizza, LLC" (the "Company"); and (3) fraud. (Compl. ¶¶ 36, 39, 40-45.) On February 25, 2009, Defendant filed a Notice of Removal to remove the State Court action to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. On March 13, 2009, Plaintiff moved, pursuant to 28 U.S.C. § 1447, to remand this action to state court and recover fees and costs related to this motion. For the reasons set forth below, Plaintiff's motion is granted.

1

II.   Background[1]

Plaintiff and Defendant are the "managing member[s] . . . of [the Company], doing business as a restaurant called Waldy's Wood Fired Pizza and Penna." (Def.'s Aff. in Opp'n to Mot. to Remand, filed Mar. 23, 2009 ("Def.'s Aff."), p.1; see Compl. ¶ 3.) Plaintiff was employed as the General Manager. (See Def.'s Aff. ¶ 9.) In March 2004, Plaintiff, Defendant and Frank Diaz entered into the Operation Agreement of the Company. (See Compl. ¶ 4; Def.'s Aff. ¶ 8.) The Operating Agreement provided, *inter alia*, that:

> The Company has been formed under the name of WMRD Pizza, LLC. The Company may do business under such other names as may be agreed to by the Members. The Members agree that the names and trade names utilized for Company business, including, but not limited to, "Waldy's Wood Fired Pizza & Penne" and all goodwill associated therewith are and shall at all times be owned solely by the Company and shall not be used by any Member for the benefit of any person or entity other than the Company without the prior written consent of the Company. Notwithstanding the foregoing, [Defendant] shall be entitled with respect to any undertaking, commercial or otherwise, to use or permit the use of and shall retain all rights with respect to the use of the word "Waldy's" with the exception that [Defendant] may not use or permit the use of the word "Waldy's" in conjunction with either or both of the words "Pizza" and "Penne."

(Operating Agreement, ¶ 3.)

On July 2, 2007, Defendant served Plaintiff notice (the "Notice") in accordance with the Operating Agreement, offering to purchase Plaintiff's membership interest in the Company or, in the alternate, to sell his membership interest to Plaintiff. (See Compl. ¶¶ 10-12; Def.'s Aff. ¶ 10.) On August 29, 2007, Plaintiff elected to purchase Defendant's membership interest. (See Compl. ¶ 15; Def.'s Aff. ¶ 11.) Plaintiff alleges that Defendant "refused to close under the same terms outlined in the Notice and . . . insisted on carving out the trade name 'Waldy's Wood Fired

---

[1] The facts are derived from the Complaint and the parties submissions filed in connection with the instant motion and do not constitute findings of fact by this Court.

Pizza and Penne' from the . . . sale." (Compl. ¶ 16.) Since the parties did not close on the purchase, Defendant alleges that, on November 12, 2007, he "notified [Plaintiff] that his right to purchase [Defendant's] membership interest had expired." (Def.'s Aff. ¶ 13.)

On or about November 28, 2007, Plaintiff commenced an action in the Supreme Court of the State of New York, County of Nassau, bearing index no. 21195/2007 ("Initial State Court action"), seeking: (1) "a preliminary and permanent injunction against [Defendant] from interfering with the closing of the sale of [Defendant's] interest in [the Company] to the [P]laintiff;" (2) "specific performance on the sale of [the Company] pursuant to the Notice and the [Operating Agreement]; and (3) "damages for conversion of assets by [Defendant]." (Compl. ¶ 19.)

On February 1, 2008, Plaintiff alleges that Defendant "wrongfully purported to terminate [Plaintiff's] employment from [the Company] and made false and defamatory accusations."[2] (Compl. ¶ 21) However, Defendant contends that Plaintiff was terminated "for cause." (Def.'s Aff. ¶ 17.) Also on that date, Defendant "filed an application with the United States Patent and Trademark Office ("USPTO") seeking to trademark the name of the business 'Waldy's Wood Fired Pizza and Penne' [(the "Trademark")] on behalf of the [Defendant], individually, as the owner," which was approved by the USPTO on November 11, 2008 under registration number 3,530,263. (Compl. ¶ 23; see Def.'s Aff. ¶¶ 24, 30.)

Defendant alleges that, on March 7, 2008, he repurchased Plaintiff's membership interest in accordance with the Operating Agreement and "the members of the Company unanimously

---

[2] The Complaint in the Initial State Court action was served on Defendant on January 31, 2009, one (1) day prior to his termination. (Compl. ¶ 18.)

3

adopted the Amended and Restated Operating Agreement" (the "Amended Operating Agreement"). (Def.'s Aff. ¶ 22-25.) However, Plaintiff asserts that Defendant could not "unilaterally amended the [O]perating [A]greement." (Pl.'s Reply Mem. in Supp. of Mot. to Remand, filed Mar. 27, 2009 ("Pl.'s Reply"), p.2.)

By Order dated September 24, 2008, summary judgment was granted in favor of Plaintiff in the Initial State Court action for specific performance and Defendant "was ordered to transfer his entire interest in [the Company] to [Plaintiff] in accordance with the agreement between the parties." (Compl. ¶ 29 (quotation marks omitted).)

On or about January 26, 2009, Plaintiff commenced the instant action.

III. Discussion

A. Removal Jurisdiction

The removal statute, 28 U.S.C. § 1441(a), provides, in relevant part, that a civil action filed in state court may be removed by the defendant to federal district court if the district court has original subject matter jurisdiction over the plaintiff's claim. See Ludo v. Human Affairs Intel, Inc., 28 F.3d 269, 271 (2d Cir. 1994). Federal district courts are "courts of limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs, Inc., 545 U.S. 546, 125 S.Ct. 2611, 2616-17, 162 L.Ed.2d 502 (2005), and only have original subject matter jurisdiction over cases in which there is a federal question, see 28 U.S.C. § 1331, and cases between citizens of different states, see 28 U.S.C. § 1332. "A district court must remand a case to state court 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" Vera v.

4

Saks & Co., 335 F.3d 109, 113 (2d Cir. 2003) (quoting 28 U.S.C. § 1447(c)).

Removal jurisdiction must be "strictly construed," Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369, 154 L.Ed.2d 368 (2002), and any doubts resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states." In re Methy 1 Tertiary Butyl Ether ("MTBE") Products, 488 F.3d 112, 124 (2d Cir. 2007). The burden of proving the Court's removal jurisdiction rests upon the party asserting jurisdiction. See California Public Employees' Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 100 (2d Cir. 2004); United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).

B. Application

Defendant asserts that removal of this action to this Court is proper because, *inter alia*, "the allegations in Plaintiff's Complaint . . . specifically challenge the manner in which [Defendant] applied for the Trademark under the Lanham Act, 15 U.S.C. § 1051, *et seq*. (the "Lanham Act"), and seek [to] undo registration in the Federal Register." (Def.'s Mem. of Law in Opp'n to Pl.'s Mot. to Remand, filed Mar. 23, 2009 ("Def.'s Mem."), p.6.) Defendant further argues that "all three claims stated in the Complaint require construction of the Lanham Act." (Id. at 6.)

Although this Court has original jurisdiction of any action arising under the Lanham Act, see 28 U.S.C. § 1338(a) (stating that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . trademarks"); see also 15 U.S.C. §

5

1121(a) (stating that the district court "shall have original jurisdiction . . . of all actions arising under [the Lanham Act]"), "mere involvement of . . . a trademark in a case is not sufficient to sustain federal jurisdiction." Bear Creek Productions, Inc. v. Saleh, 643 F. Supp. 489, 491 (S.D.N.Y. 1986); see also T.B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964), cert. denied, 381 U.S. 915 (1965). To determine if an action "arises under" the Lanham Act, the court considers whether: (1) "the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement . . . ;" (2) "asserts a claim requiring construction of the Act . . . ," or (3) "presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim."[3] T.B. Harms, 339 F.2d at 828.

Plaintiff's claims do not "arise under" the Lanham Act; the Complaint does not state a cause of action cognizable under the Lanham Act such as trademark infringement or unfair competition. Nor does this case involve a distinct policy of the Lanham Act requiring federal principles to control the disposition of Plaintiff's claims. Rather, Plaintiff seeks, *inter alia,* enforcement of the terms of a contract.

Moreover, the instant action does not require construction of the Lanham Act. Although Defendant contends that this case requires "interpreting the validity of [Defendant's] trademark application in accordance with federal trademark law . . .", (Def.'s Mem. p.8), Plaintiff does not

---

[3] Although T.B. Harms involves the Copyright Act, 17 U.S.C. § 101 *et seq.*, the parties do not dispute that it applies to cases involving the Lanham Act. See Pennacchio ex rel. Old World Brewing Co., Inc. v. Powers, No. 05 Civ. 0985, 2007 WL 446355, at *4 (E.D.N.Y. Feb. 5, 2007) (stating that "the T.B. Harms test, although developed in connection with copyright cases, applies with equal force to trademark claims") (citing Ryan v. Volpone Stamp Co., 107 F. Supp. 2d 369, 375-77 (S.D.N.Y. 2000); TGI Friday's Inc. v. National Rest. Mgmt., Inc., No. 91 Civ. 5412, 1992 WL 164445, at *2 (S.D.N.Y. June 24, 1992); Foxrun Workshop, Ltd. v. Klone Mfg, Inc., 686 F. Supp. 86, 88-89 (S.D.N.Y. 1988).

6

seek to invalidate the Trademark or challenge the Trademark application procedure but seeks a determination of who is the rightful owner of the Trademark pursuant to the agreement of the parties. The crux of Plaintiff's claim is a contract dispute. Plaintiff claims that the Company is the exclusive owner of the Trademark pursuant to the terms of the Operating Agreement, that Defendant is prohibited from using the Trademark in his individual capacity, and that Defendant could not "unilaterally amended the [O]perating [A]greement." (Pl.'s Reply p.2.) Defendant contends that he is the rightful owner of the Trademark because the Operating Agreement is no longer in effect and the Amended Operating Agreement "contains no restrictions on the use and ownership of the [Trademark]." (Def.'s Aff. ¶¶ 25-26.)

Defendant also asserts that Plaintiff's claims require construction of the Lanham Act because they require "interpreting the extent to which [the Defendant] may maintain control over the use of his given name," in the event that "Plaintiff's claims are found to have any merit." (Def.'s Mem. p.8). The Court disagrees. Plaintiff seeks a determination from this Court as to who is the rightful owner of the Trademark in accordance with the terms of the Operating Agreement. The Operating Agreement states, in relevant part, that "'Waldy's Wood Fired Pizza & Penne' . . . shall at all times be owned solely by the Company" and that Defendant "shall be entitled with respect to any undertaking, commercial or otherwise, to use or permit the use of and shall retain all rights with respect to the use of the word 'Waldy's' with the exception that [Defendant] may not use or permit the use of the word 'Waldy's' in conjunction with either or both of the words 'Pizza' and 'Penne.'" (Operating Agreement, ¶ 3.) Accordingly, Plaintiff does not assert a claim requiring construction of the Lanham Act.

Insofar as Plaintiff alleges that the affidavit of Defendant in support of his trademark

7

application to the USPTO violated 18 U.S.C. § 1001 ("§ 1001") by "misrepresenting that to [Defendant's] knowledge and belief no other business or entity has the right to use the trademark," (Compl. ¶ 34), § 1001 is a criminal statute that does not provide a private right of action. See, e.g. Bender v. General Servs. Admin., No. 05 Civ. 6459, 2006 WL 988241, at * 1 (S.D.N.Y. Apr. 14, 2006) (holding that 18 U.S.C. § 1001 does not allow for a private civil action); Piorkowski v. Parziale, No. 02 Civ. 963, 2003 WL 21037353, at * 8 (D.Conn. May 7, 2003) (same). To the extent that Plaintiff alleges that the Trademark was issued by the USPTO based upon fraudulent misrepresentations made by the Defendant, Plaintiff's claim is likewise without merit since there is no justifiable reliance by Plaintiff. Lerner v. Fleet Bank, N.A., 459 F.3d 273, 291 (2d Cir. 2006) (stating that "[u]nder New York law, '[t]o state a cause of action for fraud, a plaintiff must allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury.'") (quoting Kaufman v. Cohen, 307 A.D.2d 113, 119, 760 N.Y.S.2d 157, 165 (1st Dep't 2003)).

C.   Costs and Fees

This Court has discretion under 28 U.S.C. § 1447(c) to award costs and expenses, including reasonable attorney's fees, incurred as a result of the improper removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S.Ct. 704, 709, 163 L.Ed.2d 547 (2005).

> The goal of this provision is to deter improper removal . . . While the simplicity of [the removal] procedure facilitates removal, it also exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it.

Circle Indus. USA Inc. v. Parke Constr. Group, Inc., 183 F.3d 105, 109 (2d Cir.1999). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Marvin, 546 U.S. at 141, 126 S.Ct. at 711.

Although Defendant's removal application was improper, it does not appear that Defendant's arguments were objectively unreasonable, intended to harass Plaintiff, or to prolong or delay the litigation. Based upon the facts of this case, Plaintiff's motion insofar as it seeks an award of costs and fees is denied

III.     Conclusion

Plaintiff's motion insofar as it seeks remand is GRANTED and this action is remanded to the Supreme Court of the State of New York, County of Nassau. The Clerk of the Court is directed to close this case and, pursuant to 28 U.S.C. § 1447(c), to mail a certified copy of this order to the Clerk of the Supreme Court of the State of New York, County of Nassau.

**SO ORDERED.**

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: April 1, 2009
       Central Islip, New York